United States District Court
Southern District of Texas
**ENTERED**
April 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INDIVIDUAL #1, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-2366 |
| | § | |
| MIKE POMPEO, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This case was brought by "Individual #1" ("Plaintiff"), anonymously and *pro se*, against Mike Pompeo. At the time the complaint was filed, Pompeo was the United States Secretary of State. The lawsuit purports to be an action under the Religious Freedom Restoration Act, codified at Chapter 21B of Title 42 of the United States Code ("RFRA"). On August 5, 2020, the Court dismissed this case *sua sponte* under 28 U.S.C. § 1915, as frivolous and for failing to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). (Dkt. 11). Plaintiff subsequently filed pleadings requesting the undersigned judge be recused from this case for entering the dismissal order. On October 29, 2020, Chief Judge Rosenthal denied the request for recusal. (Dkt. 14).

Pending before the Court are: (1) Plaintiff's motion under Rule 60(b)(4) to vacate the Court's "8/5/20 Kangaroo-Order" as void and to recuse the undersigned judge for entering this order (Dkt. 12); (2) Plaintiff's motion "to Alter or Amend the judgment (the [10/29/2020-denial order])" denying Plaintiff's request to recuse the undersigned judge (Dkt. 15); and (3) Plaintiff's motion to proceed *in forma pauperis* ("IFP") on appeal and

for the appointment of counsel. (Dkt. 18). After careful consideration, these motions are **DENIED**.

## Motion to Vacate and Recuse

Plaintiff seeks to vacate the Court's order dismissing this action pursuant to Fed. R. Civ. P. 60(b)(4). Plaintiff argues that the order is "VOID, For Exceeding Its Authority & Violating Procedural Due Process" and is "VOID, For Violating RFRA" in violation of "§2000bb–1(c)." Although Plaintiff's legal arguments are difficult to follow, Plaintiff appears to argue that the order is void because it dismissed the complaint "on impermissible grounds" and was entered "without affording Plaintiff any NOTICE or opportunity to be heard on the issues in question, in a manner inconsistent with due process of law." (Dkt. 12 at para. 21). The Court finds these arguments unpersuasive.

Plaintiff's arguments ignore the contents of the Court's order and Plaintiff's deliberate violations of the Court's clear rules requiring that every litigant provide the Clerk of Court with the means of maintaining constant, reliable contact with all litigants. Contrary to Plaintiff's arguments, this action was not dismissed on "impermissible grounds." As set forth in the order, this action was dismissed under 28 U.S.C. § 1915(e)(2)(B). In the order, the Court sets out in detail the factual basis for its conclusion that Plaintiff's allegations and claims are frivolous.

Furthermore, Plaintiff cannot reasonably argue that he was deprived of due process because he was not contacted by the Court prior to the dismissal of this action. As the Court noted in its dismissal order, Plaintiff's refusal to provide his name or any contact information to the District Clerk not only contravened the Court's Local Rule

83.4[1] but made it "virtually impossible for the Court to manage the action or afford the plaintiff an opportunity to amend his complaint." (Dkt. 11 at p. 3).

Plaintiff concedes that he did not comply with the Court's rules regarding providing his contact information. Nevertheless, he argues that the Clerk's office could have contacted him because he included a generic email address—"individual12366@gmail.com"—in the text of two pleadings filed three months after the original complaint. (Dkt. 12 at pp. 23–24). Plaintiff also claims to have sent an email from this address to two employees of the District Clerk's office and the undersigned judge's chambers requesting an expedited hearing on a pleading. (Dkt. 12 at pp. 23–24). The Court also finds these arguments unpersuasive.

Due process does not require the Clerk's office to parse through voluminous pleadings like tea leaves for clues of a pro se litigant's contact information. Especially where, as here, the pleadings in question total 62 pages and Plaintiff deliberately refused to provide a name, a physical address, or a phone number so that the Court can verify that the vague email address is a valid way to provide notice to a *pro se* party. Likewise, due

---

[1] Local Rule 83.4 exists for a very simple reason: so that employees of the District Clerk's office—whose jobs require them to speedily process hundreds of filings and court orders every day—do not have to spend their time combing through voluminous documents in search of litigants' contact information. The Court's Local Rule 83.4 provides that:
> Notices will be sent only to the address on file. A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address. Counsel of record and pro se litigants must include in this advice the case numbers of all pending cases in which they are participants in this district.

The Court's online publication entitled "Guidelines for Litigants Without Lawyers" also stresses the importance of Local Rule 83.4 and advises pro se litigants that "[f]ailure of litigants to keep the Clerk of the Court informed of their current addresses and telephone numbers during the pendency of a lawsuit may result in their not receiving notice of orders filed in the case."

process does not require the Clerk's Office to send notices to the address of a quite lengthy and difficult to understand email that does not include Plaintiff's name, contact information, or even a case number. (Dkt. 9-1; Dkt. 10-1; Dkt. 12 at pp. 23–24). Plaintiff cannot claim a deprivation of due process when it is the Plaintiff who has imposed an undue burden on the Clerk's office by refusing to comply with a reasonable policy designed specifically to provide all litigants with due process. *See Dusenbery v. United States*, 534 U.S. 161, 170 (2002) ("[T]he Due Process Clause does not require such heroic efforts by the Government; it requires only that the Government's effort be reasonably calculated to apprise a party of the pendency of the action[.]") (quotation marks omitted).

Finally, the Court finds Plaintiff's arguments that the undersigned judge should be recused for dismissing this case unpersuasive. As noted above, the order is not void and Plaintiff has set forth no valid basis for recusal. *See* 28 U.S.C. §144. Accordingly, for all of these reasons, Plaintiff's motion to vacate and recuse is **DENIED**.

**Motion "to Alter or Amend the judgment (the [10/29/2020-denial order]"**

Next, Plaintiff seeks to "to Alter or Amend the judgment (the [10/29/2020-denial order])" denying Plaintiff's request to recuse the undersigned judge. (Dkt. 15 at pp. 7, 9). The Court declines to do so. Plaintiff has not presented any legitimate reason to revisit Chief Judge Rosenthal's order. Chief Judge Rosenthal appropriately applied the recusal standards set out in 28 U.S.C. § 144 and *Liteky v. United States*, 510 U.S. 540, 555–56 (1994) in denying Plaintiff's motion. (Dkt. 14). Accordingly this motion is **DENIED**.

**Motion for Leave to Proceed IFP On Appeal and for Appointment of Counsel**

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3)(A). An appeal is taken in good faith if it seeks appellate review of a nonfrivolous issue, meaning a legal point that has arguable merit. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The Court sees no appellate issues of even arguable merit in the record of this case. Accordingly, the Court **CERTIFIES** that Plaintiff's appeal is not taken in good faith and **DENIES** the motion for leave to proceed IFP on appeal.

The Court also finds that the appointment of counsel for Plaintiff in this case is unwarranted. "There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel." *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). "A district court should appoint counsel in a civil rights case only if presented with exceptional circumstances[,]" *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997), and "if doing so would advance the proper administration of justice." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The plaintiff bears the burden of persuasion. *Caston v. Sears, Roebuck & Co., Hattiesburg, Miss.*, 556 F.2d 1305, 1310 (5th Cir. 1977).

District courts typically consider four factors when determining whether the appointment of counsel is required: (1) the type and complexity of the case; (2) whether the indigent litigant is capable of adequately presenting his case; (3) whether the indigent

litigant is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Ulmer*, 691 F.2d at 213. Where it is clear that a civil rights claim is frivolous, the district court does not abuse its discretion in denying a motion to appoint counsel. *Norton*, 122 F.3d at 293.

The Court dismissed Plaintiff's complaint, much of which was illegible, because the complaint's allegations were factually and legally frivolous. (Dkt. 11 at pp. 2–3). To cite just one example of these types of allegations in the complaint, Plaintiff contends that RFRA exempts him from the reach of "all federal statues [sic]; . . . all administrative rules and customs or practices with force of law; . . . [and] all national, or local rules or standing orders" because enforcement of those laws and rules against him would violate his "right to refuse to participate in . . . Pagan-Homage-Rituals[.]" (Dkt. 11 at pp. 2–3). The Court finds that, in light of such allegations, appointing counsel for Plaintiff would not advance "the proper administration of justice." *Ulmer*, 691 F.2d at 213. Accordingly, Plaintiff's motion for the appointment of counsel is **DENIED**.

## CONCLUSION

Plaintiff's motions (Dkt. 12, Dkt. 15, and Dkt. 18) are **DENIED**. The Clerk of this Court shall send a copy of this Order to Plaintiff and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 20-20626.

SIGNED at Houston, Texas, this 16th day of April, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE